# THE UNION NATIONAL BANK

*v.*

# THE OCEANA COUNTY BANK.

1. BANK CHECK—*payee or assignee may recover the amount from drawee.* Where a depositor draws his check on his banker, who has funds to an equal or greater sum than his check, it operates to transfer the sum named to the payee, who may sue for and recover the amount from the bank, and

a transfer of the check carries with it the title to the amount named in the check to each successive holder.

2.  SAME—*drawer can not countermand so as to affect it in hands of bona fide holder.*  After a check has passed into the hands of a *bona fide* holder, it is not in the power of the drawer to countermand the order of payment.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Messrs. FULLER & SMITH, for the appellant.

Messrs. J. C. & J. J. KNICKERBOCKER, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action is upon a check drawn by James H. Ledlie, on the Union National Bank of Chicago, in favor of Underhill and Gray, and by them indorsed and delivered to the Oceana County Bank, located at Pentwater, in Michigan.  The declaration contains a special count upon the check, and also the common money counts.  On the trial, plaintiff recovered a judgment for the amount of the check, with interest, and defendant brings the cause to this court on appeal.

The evidence shows there was no unreasonable delay in presenting the check to defendant for payment, and, notwithstanding it is shown the bank had funds in its possession on deposit subject to check, at the time, belonging to the drawer, in excess of the amount of the check, payment was refused, for the reason the drawer had previously ordered the bank not to pay it.

The facts proven in this case bring it clearly within the rule declared in *Munn et al.* v. *Burch et al.* 25 Ill. 35.  The doctrine of that case has been so frequently affirmed in other cases in this court, it is not necessary now to discuss it as a new question.  The principle of all the cases in this court on this subject is, that, when a depositor draws his check on his banker, who has funds to an equal or greater sum than his check, it operates to transfer the sum named to the payee, who may sue for and recover the amount from the bank, and that a transfer

of the check carries with it the title to the amount named in the check to each successive holder. After the check has passed to the hands of a *bona fide* holder, it is not in the power of the drawer to countermand the order of payment. The case at bar is controlled by this principle, and we content ourselves by simply making reference to our former decisions, where it is declared. *The Chicago Marine and Fire Insurance Co.* v. *Stanford,* 28 Ill. 168; *Bickford* v. *First National Bank,* 42 ib. 238; *Brown* v. *Leckie et al.* 43 ib. 497.

Adhering, as we do, to the doctrine of the cases cited, we are of opinion the evidence offered to prove facts establishing a defense as between the drawer and the drawees of the check was properly rejected.

The judgment must be affirmed.

*Judgment affirmed.*