## JAMES B. HOGUE

### v.

## WILLIAM EDWARDS ET AL.

1.   BANK CHECK—TRANSFER OF FUNDS.—The rule in this State undoubted-
ly is, that when a depositor draws his check on his banker, who has funds to an
equal or greater sum than his check, it operates to transfer the sum named in
the check to the payee, who may sue for and recover the amount from the
bank; a transfer of the check carries with it the title to the amount named to
each successive holder.

2.   CHECK PAYABLE IN EXCHANGE—BANKER NOT LIABLE.—But a bank-
er is not bound to pay the check of a depositor drawn payable in anything
but money.   Whether he will give exchange upon the request contained in the
check is matter of agreement.   So, where a depositor drew a check upon his
banker for Chicago exchange which he was to send to his creditors at their
request, the latter cannot, upon failure of the depositor to send the Chicago
draft, maintain an action against the banker upon the original check drawn
upon him.   In such case there could be no intention that the creditors should
have a sum set apart to their use or credit in the bank.

3.   DEPOSITOR NOT AGENT OF CREDITOR IN DRAWING CHECK.—The de-
positor cannot be considered as the agent of his creditors in drawing the
check in such a case; but even if he were, he must also have been their
agent in receiving the exchange, and having received it, the purpose of the
check was accomplished, and their remedy, if any, would be upon the draft
received for the check.

4.   STOPPING PAYMENT OF DRAFT.—Payment of the exchange draft not
being provided for by the depositor, and the draft not having been received
by the creditors, and no claim to recover upon it being asserted by them,
they cannot complain that the banker, after the depositor had absconded,
stopped payment of the draft by the Chicago bank.

ERROR to the Circuit Court of Peoria county; the Hon.
JOHN BURNS, Judge, presiding.    Opinion filed October 11, 1881.

Thomas Neil bought of the defendants in error a lot of
hogs for the sum of $5,339.67, and by agreement with them,

was to send $2,000 of the amount to certain parties in Chicago and Iowa designated by them, and the balance, $3,339.67, was to be sent to them at Centreville, Iowa, by draft on Chicago. Neil at this time had an account at the bank of the plaintiff in error, which, however, was largely overdrawn. He made an arrangement with Hogue to give him further credit, promising to provide for the Chicago exchange by time it should be presented. Neil thus signed and presented his checks for the several amounts that under his agreement for payment, he was to transmit to the persons entitled thereto, which checks were honored by Hogue, and the amounts charged to Neil. The $2,000 were paid as desired by Edwards Bros., and are not involved in this litigation. The check drawn by Neil for the amount going to Edwards Bros., was as follows:

No. 1600. PEORIA, Ill., December 3d, 1879.
J. B. HOGUE & Co., Bankers:
Pay to Edwards Bros., Chicago exchange, thirty-three hundred and thirty-nine and sixty-seven one-hundredth dollars.
$3,339.67. THOMAS NEIL.

A draft was issued by the bank drawn upon the Union National Bank, Chicago, and made payable to Edwards Bros., but was never received by them. This suit was brought by Edwards Bros., to recover the amount of Hogue, and on the trial they elected to rely upon the check of Neil as a basis of recovery. A verdict and judgment were entered in their favor, and Hogue sued out this writ of error.

Mr. LAWRENCE HARMON, for plaintiff in error; that a check must be payable in money only, cited 2 Parsons on Bills and Notes, 58; Little v. Phœnix Bank, 2 Hill, 425.

A check calling for payment in current rate of exchange, is not negotiable: Lowe v. Bliss, 24 Ill. 169.

A bank must honor the check of a customer, if at the time it is made there is a balance in his favor sufficient to meet it: Morse on Banking, 29; Downer v. Phœnix Bank, 2 Hill, 297; Marzetti v. Williams, 1 B. & Ad. 415; Watson v. Phœnix Bank, 8 Met. 217.

It may act upon the verbal order of a customer, but has the right to demand written evidence of the order: Watts v. Christie, 11 Beav. 546; Coffin v. Henshaw, 10 Ind. 277; Walker v. Rostron, 9 M. & W. 412; McEwven v. Davis, 39 Ind. 109.

Neither indorsement nor acceptance are complete before delivery of the bill: Cox v. Troy, 5 B. & Ald. 474; Chapman v. Cotteral, 34 L. J. Exch. 186; Byles on Bills, *150; First Nat. Bank v. Strang, 72 Ill. 559.

A special indorsement will not transfer the property in the bills until delivery: Rex v. Lambton, 5 Price, 428; Adams v. Jones, 4 P. & D. 174; Bund v. Hampshire, 1 M. & W. 369; Bayley on Bills, 137; Daun v. Norris, 24 Conn. 333; Bruson v. Huntington, 21 Mich. 415.

There must be delivery: First Nat. Bank v. Strang, 72 Ill. 559; Chamberlain v. Hopps, 8 Vt. 94; Mahon's Adm'r v. Sawyer, 18 Ind. 73; Carter v. McClintock, 29 Mo. 464; Hyde v. Goodnow, 3 N. Y. 266; Hall v. Wilson, 16 Barb. 548.

An instruction which singles out and gives undue prominence to certain facts, ignoring other facts, is erroneous : Calef v. Thomas, 81 Ill. 478; Hewitt v. Johnson, 72 Ill. 513; Hutchinson v. Crain, 3 Bradwell, 20; Homes v. Hale, 71 Ill. 552 ; Shugart v. Halliday, 2 Bradwell, 45; Evans v. George, 80 Ill. 51; Martin v. Johnson, 89 Ill. 537.

An instruction should state all the facts necessary to be proved, and should refer to all so as to fairly state the case: St. L. & S. E. R'y Co. v. Britz, 72 Ill. 256; Cushman v. Cogswell, 86 Ill. 62; Moore v. Wright, 90 Ill. 470; Ill. Linen Co. v. Hough, 91 Ill. 63; Moshier v. Kitchell, 87 Ill. 18.

The jury should not be required to determine legal propositions : Mitchell v. Fond du Lac, 61 Ill. 174.

Abstract propositions of law which do not refer to the evidence in the case should not be given as instructions: Atkinson v. Lester 1 Scam. 407; Hessing v. McClosky, 37 Ill. 341.

. Bills of exchange must be presented to the drawee in a reasonable time, and what is a reasonable time depends upon the facts of the case: Montelius v. Charles, 76 Ill. 303; Walsh v. Dart, 23 Wis. 334; Knott v. Venable, 42 Ala. 186; Veazie

Bank v. Nims, 40 Me. 60; East River Bank v. Gedney, 4 E. D. Smith, 582; Phoenix Ins. Co. v. Allen 11 Mich. 501; Fugitt v. Nixon, 44 Mo. 295; Aymar v. Beers, 7 Cow. 705; Lice v. Cunningham, 1 Cow. 397; Robinson v. Ames, 20 Johns. 146; Batchellor v. Priest, 12 Pick. 399; Wallace v. Agry, 4 Mason, 326.

Possession of a bill or note by any person is *prima facie* evidence of delivery and ownership : James v. Chalmers, 6 N. Y. 209; Nelson v. Cowing, 6 Hill, 336; Bedell v. Carle, 33 N. Y. 581.

The same rule applies to checks : Townsend v. Billinge, 1 Hilt. 353; Cruger v. Armstrong, 3 Johns. Cas. 5; Andrews v. Chadbourne, 19 Barb. 147; Pratt v. Adams, 7 Paige, 616.

Instructions should not indicate any opinion as to the weight of evidence : Frame v. Badger, 79 Ill. 441; C. M. & St. P. R. R. Co. v. Hall, 90 Ill. 42; Pro. Life Ins. Co. v. Dill, 91 Ill. 174.

Irrelevant and inapplicable instructions should not be given : Stout v. McAdams, 2 Scam. 67; Reeder v. Purdy, 41 Ill. 280; Brown v. Graham, 24 Ill. 628; Webber v. Brown, 38 Ill. 87; Trustees v. McCormick, 41 Ill. 323; Ten Eyck v. Harris, 47 Ill. 268; Adams v. Smith, 58 Ill. 417; Carter v. Carter, 62 Ill. 439; Herrick v. Gary, 65 Ill. 101; Frantz v. Rose, 89 Ill. 590.

Instructions should be based on the evidence : Coughlin v. The People, 18 Ill. 266; G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478; Herrick v. Gary, 83 Ill. 85; Ill. Cent. R. R. Co. v. Benton, 69 Ill. 174; Leake v. Brown, 43 Ill. 372; Prescott v. Maxwell, 48 Ill. 82.

Messrs. James, Jack & Moore, for defendants in error; that an amendment to a bill of exceptions should be filed *nunc pro tunc*, unless an order has been entered extending the time, cited Evans v. Fisher, 5 Gilm. 569 ; Hance v. Miller, 21 Ill. 639; Goodrich v. Cook, 81 Ill. 41; Brownfield v. Brownfield, 58 Ill. 152; Stein v. Kendall, 1 Bradwell, 101.

A bank check is negotiable, and the addition of the words, "with exchange," does not impair its negotiability: Bilder-

back v. Burlingame, 27 Ill. 338; Hill v. Todd, 29 Ill. 101; Nickerson v. Babcock, 33 Ill. 497; Willets v. Phœnix Bank, 2 Duer, 121; Mech. Bank v. Stratton, 3 Keyes, 365; Vere v. Lewis, 3 T. R. 182.

The effect of a check is to transfer to the credit of the payee so much of the credit of the drawer as therein specified, and the payee may sue the bank therefor: Brown v. Pierce, 80 Ill. 214; O. M. & F. Ins. Co. v. Stanford, 28 Ill. 168; Bickford v. First Nat. Bank, 42 Ill. 239; Brown v. Leckie, 43 Ill. 497; Seventh Nat. Bank v. Cook, 73 Pa. St. 485.

When a depositor directs his banker to make payment to a third party, and the banker assents, and the direction is known to the payee, the privity is complete and the payee may recover against the banker; Morrell v. Wooten, 16 Beav. 197; Roberts v. Austin, 26 Iowa, 324.

No form of words is necessary to constitute a delivery if the act is done; 2 Greenl'f's Ev. § 297; Kirkham v. Bank of America, 2 Cole, 397; Bryan v. Wash, 2 Gilm. 557; Gunnell v. Cockerill, 84 Ill. 319.

The check is merely the evidence of the appropriation, and on proof of its execution, is admissible under the common counts: Howes v. Austin, 35 Ill. 396; Sloan v. Petrie, 16 Ill. 262.

The bank is bound to withhold enough of the depositor's funds to meet the demand: F. & M. Bank v. Butchers & Drovers Bank, 16 N. Y. 125.

Having received the check and charged the amount to the depositor, the bank cannot afterwards be heard to say that the depositor had no funds: 1 Daniell's Neg. Inst. 373; Girard Bank v. Bank Penn. Tp. 39 Pa. St. 92; Commercial Bank v. Hughes, 17 Wend. 94; Dykers v. L. M. Bank, 11 Paige, 612; Fourth Nat. Bank v. City Nat. Bank, 68 Ill. 398.

PILLSBURY, J. There was some evidence introduced by the plaintiffs below, tending to show that Hogue mailed the Chicago draft to Edwards Bros., but it is not sufficient to lead us to believe such was the fact, the decided weight of the evidence, in our opinion, being that Neil received the draft himself, at

Hogue v. Edwards.

the time he signed and presented the check for it.  This, perhaps, in the present aspect of the case, is not very material, as the plaintiffs below elected voluntarily to base their right of recovery on the check itself, and not upon the draft.  The rule in this State, undoubtedly, is as contended for by defendants in error, " that when a depositor draws his check on his banker, who has funds to an equal or greater sum than his check, it operates to transfer the sum named to the payee, who may sue for, and recover the amount from the bank, and that a transfer of the check carries with it the title to the amount named in the check to each successive holder."  Union National Bank v. Oceana National Bank, 80 Ill. 212.

The check in this case is not of that character.  It was drawn payable in Chicago exchange, and if it had been delivered to the payee, and the drawer had funds in the bank, it could not have the operation contended for.  We do not understand that a banker is obliged to pay a check drawn by a depositor, payable in anything but money.  Whether he will give exchange upon the request contained in the check is matter of agreement.  Besides, in this case it was not intended that Edwards Bros., should have any sum set apart to their use or credit in the bank of plaintiff in error, or in any other bank, neither were they to receive the check of Neil for the payment of his debt to them.  By their agreement with Neil, he was to send them Chicago exchange for the balance coming to them, and they did not know where Neil was to obtain it. For the purpose of complying with his agreement with them, Neil made the arrangement with Hogue to still further overdraw his account and obtain exchange payable to them, and in so doing drew his check payable to them presented it to the bank himself and received the draft.

In all this transaction there is nothing in conflict with the agreement between Neil and Edwards Bros., but every step taken was in fulfillment of it.  Suppose Neil had drawn his check payable to himself and in payment thereof had requested and obtained the draft payable to his creditor; wherein would the transaction have differed in legal effect from the one that actually occurred?  Edwards Bros. relied upon Neil to send them a Chicago draft.  It was immaterial to them how

or where he obtained it. He made use of the means stated to obtain the draft, and thus far complied with his agreement. But for some reason he refused to make use of the draft to pay his debt, and still retains it. Under all the circumstances of the case, we consider the check was but a request by Neil upon Hogue to deliver him a Chicago draft payable to his creditor. The check not being delivered to the payee, but retained and presented by Neil for the purpose of obtaining the draft, is but the common case of a debtor going to his banker and getting exchange payable to his creditor, and then neglecting to send it to the payee.

In such case there is no such privity between the creditor and the banker as will support an action against the bank.

It is suggested that Neil might, in this case, be treated as the agent of Edwards Bros., and the presentation of the check to the bank be considered as their act.

This position is not sustained by the record, if it could be admissible in any case for the drawer of a check to deliver it to himself as agent of the payee. In all these transactions Neil was acting for himself. He made the purchase for himself or his firm, and in obtaining the draft was taking the steps agreed upon to pay his own debt.

As this action, in its present condition, is based upon the check, and that being drawn, payable in Chicago exchange, if it was delivered to Edwards Bros., through their agent, Neil, as suggested, then he must have been their agent to receive the exchange, and having received it, the purpose of the check was accomplished, and it would seem that their remedy would be upon the draft, if any they have.

As Neil did not provide for the draft as he agreed to do, and the draft not having been delivered to Edwards Bros., and no claim to recover upon it being asserted by them, they cannot complain that Hogue, after Neil absconded, and after summons issued in this case, stopped payment of the draft, by the Chicago Bank.

As the case is presented by this record, we are of the opinion that no right of recovery is shown, and the judgment must be reversed and the cause remanded.

Judgment reversed.