### The Hamilton National Bank et al. v. Joseph Franklin et al.

### Gen. No. 13,806.

BANKS AND BANKING—*what does not estop bank from denying sufficiency of funds on deposit to pay check upon which payment has been stopped.* The fact that a check when presented for payment is returned marked "payment stopped" does not remove the necessity, essential to a recovery by the party suing upon such check, to prove that at the time of presentation the bank had on hand sufficient funds to pay the same.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed April 20, 1908.

NEWMAN, NORTHRUP, LEVINSON & BECKER and CHESTER E. CLEVELAND, for plaintiff in error.

BULKLEY, GRAY & MORE, for defendants in error; C. PAUL TALLMADGE, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

In this action it is sought to charge the Hamilton National Bank with liability for the amount of a check drawn upon it by one T. H. Beckwith for the sum of $250. The liability is predicated upon the fact that when the check was received by the bank for payment, it returned it marked "Payment stopped."

The cause was submitted to the Municipal Court for trial, without a jury, and the trial judge, finding the issues against the bank, judgment was entered in favor of defendants in error for the amount of the check with costs. This writ of error is sued out in an effort to reverse that judgment.

It is assumed by defendants in error, from the fact that the check was by the bank marked "Payment stopped" when returned, that the drawer had funds in the bank sufficient to meet the check when he countermanded payment, and that in consequence thereof the bank is estopped to deny that it had not in fact sufficient funds of the drawer to meet it. They also assume that it is not incumbent upon them to prove that the bank had funds of the drawer sufficient to pay the check when received by the bank for payment.

We think all these assumptions are erroneous. Suppose the bank, but for the countermanding by the drawer of his order to pay, would have paid the check because it might have been willing to permit an overdraft by the drawer; still that does not relieve defendants in error from the burden imposed upon them by law, to prove that the bank actually had on deposit with it funds of the drawer sufficient to pay the amount of the check. It is only on condition that the bank has

such funds at the time of presentation of a check for payment, that the law charges the bank with liability to pay, notwithstanding the drawer may, in the meantime, between delivery of the check and its presentation to the bank for payment, have countermanded the order and stopped payment. In legal theory, the drawing and delivery of a check is an appropriation of the amount of it from the drawer's funds on deposit with the bank for its payment, and on such theory, and it alone, is the bank held to respond to the payee and his assigns for payment.

The drawing of a check raises no presumption that the drawer has funds as against the bank on which the check is drawn. No decisions to the contrary have been called to our attention, nor are we able after research to find any. Neither do we know of any authority for holding that from the fact that a check when presented for payment to the bank upon which it is drawn, and payment is refused and the bank marks the check "Payment stopped," the bank is thereby estopped from denying that the drawer had sufficient funds on deposit with the bank to pay the check.

To charge the bank with liability, it is incumbent upon the legal holder of the check to prove, in the first instance, that at the time of presentation, the bank had funds of the drawer on deposit sufficient in amount to pay the check. This proof cannot, for any of the reasons assigned and argued, be dispensed with. The burden of so proving rested on defendants in error. All of the decisions on this subject find for their support the proven fact that the bank at the time of presentation had funds of the drawer sufficient to pay the check presented. There is no deviation to disturb the uniformity of this doctrine. Munn v. Burch, 25 Ill. 35; The Chicago & Marine Fire Ins. Co. v. Stanford, 28 ibid. 168; Bickford v. First National Bank, 42 ibid. 238; Brown v. Leckie, 43 ibid. 497.

In Union Nat. Bank v. Oceana Co. Bk., 80 Ill.

212, the court say: "The evidence shows notwithstanding the bank had funds in its possession on deposit subject to check at the time belonging to the drawer, in excess of the amount of the check, payment was refused for the reason the drawer had previously ordered the bank not to pay it." Here was proof, first that the bank had money on deposit in excess of the amount of the check and a countermanding of the order to pay. Judgment of the *nisi prius* court was sustained against the bank for the amount of the check, not from any presumption arising from the drawing of the check that the bank had money subject to check, but from proof undenied of that fact.

The bank did not sustain any contractual relations either to the payees in the check in suit or their assigns, the defendants in error. The only condition which would subject the bank to liability to pay the check in suit was the possession of funds of the drawer sufficient to pay the check when presented. As there is no evidence in the record that the bank had funds of the drawer subject to check at the time of presentation sufficient to pay the one in suit, the judgment is erroneous, and all the other questions argued become of no importance to our decision.

For the reasons stated the judgment of the Municipal Court is reversed and the cause remanded for other proceedings as are conformable to the views here expressed.

*Reversed and remanded.*