LEAPHART v. COMMERCIAL BANK.

1. CONTRACT—COURT—JURY.—The contract in this case was in writing, and was properly construed by the Court, and not left to the jury.
2. TRUST—BANKS—DEPOSITOR—DEBTOR AND CREDITOR—CONTRACT. There is no trust relation shown by the contract herein between the parties; but the only relation existing is that of depositor and depositee, which is the relation of debtor and creditor.

Before EARLE, J., Columbia, spring term, 1895. Affirmed.

Action by Martha V. Leaphart, as executrix of the will of John S. Leaphart, against Commercial Bank of Columbia, S. C.    Judgment for defendant.    Plaintiff appeals.

*Messrs. Perry & Heyward* and *Andrew Crawford*, for appellant.

*Messrs. Lyles & Muller*, contra.

Feb. 17, 1896.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.  The plaintiff brought this action to recover from the defendant bank a certain sum of money alleged to have been deposited with said bank by one C. J. Iredell in breach of an alleged trust reposed in him by the plaintiff.  Passing by the first, second, and third paragraphs of the complaint, in which the representative character of the plaintiff, and the corporate character of the defendant, are alleged, the material allegations of the complaint are to be found in the fourth, fifth, and sixth paragraphs thereof, and may be stated substantially as follows: 4th. That on the 1st day of November, 1890, one C. J. Iredell, who was then president of the defendant. bank, received from the plaintiff the sum of $2,000, "in trust,

to be invested for the plaintiff and to be returned to the plaintiff, with interest, when called for." 5th. That instead of investing said amount, as required by the terms of said trust, the said Iredell, being then president of the defendant bank, in breach of his said trust, deposited the same in said bank, and allowed the same to be used by said bank, which still has possession of the same. 6th. That defendant bank had full notice of the said trust and of the breach of the same, and has refused to comply with the plaintiff's demand for the payment of the money so deposited.

The defendant, in its answer, denies all of the allegations contained in the fourth, fifth, and sixth paragraphs of the complaint.

The case came on for trial before his Honor, Judge Earle, and a jury, who were instructed to find a verdict for defendant, upon the ground that no trust relation had been shown to exist between the plaintiff and Iredell, by the contract between them, which was reduced to writing, and which, of course, was to be construed by the Court.

The plaintiff appeals upon the several grounds set out in the record, which need not be repeated here, as I do not propose to consider them *seriatim*, but propose to take up the three points into which the several grounds of appeal have been condensed in the argument of counsel for appellant.

The undisputed facts are, that C. J. Iredell issued a circular, of which the following is a copy:

"Depositors' Co-operative Association. Six per cent. interest. This association has been suggested and formed for the benefit of those having money for which they have no immediate use, or while waiting for other investments, and upon which, while idle, a good rate of interest will be obtained. Or the certificate can be held as an investment. The terms are: Money to be deposited for one year or longer. A certificate to be given, bearing interest at the rate of six per cent. per annum from date thereof. Interest

to be paid semi-annually. Principal, if needed, can be drawn at any time after notice, agreed on with the manager, but no interest allowed unless money has been on deposit for six months from each semi-annual payment of interest. The certificate can be used at any time as collateral security. Address letters and send money to C. J. Iredell, manager Columbia, S. C.; office at the Commercial Bank."

In response to the proposals contained in the foregoing circular, the plaintiff deposited with C. J. Iredell, manager, the sum of $2,000, and received from him a certificate, of which the following is a copy:

"No. 2. Depositors' Co-operative Association. $2,000. Columbia, S. C., November 1st, 1890. I hereby certify that Martha V. Leaphart, executrix, has deposited with C. J. Iredell, manager, $2,000, payable to her order, upon the return of this certificate, properly endorsed. And it is agreed between said C. J. Iredell, manager, and any or all endorsers of this certificate, that the sum of money above mentioned shall remain on deposit with said C. J. Iredell, manager, for one year from date hereof. And it is further agreed between said parties, that the amount named in said certificate shall draw interest at the rate of six per cent. per annum, payable semi-annually. Said amount can be drawn at any time after thirty days notice, but no interest be allowed unless money is on deposit six months. (Signed) C. J. Iredell, manager."

It further appears that the money thus received from the plaintiff by C. J. Iredell, manager, was deposited in the defendant bank by him, to the credit of an account then standing upon the books of the bank in the name of "C. J. Iredell, manager," and was, from time to time, checked against by said C. J. Iredell, as manager. It also appears, that while there was but a single account upon the books of the bank in the name of "C. J. Iredell, manager," yet that Iredell, regarding that account as representing two funds, required the teller of the bank to give him an additional pass book marked "special," "Depositors' Co-operative Associa-

tion," upon which deposits of money received for that asso-
ciation were also entered, though there was nothing on the
books of the bank to indicate that such account represented
two funds. From this statement of the facts, as developed in
the trial below, it is very clear that the controlling question
in the case was whether there was any trust relation created
between the plaintiff and Iredell by the contract
which they made; and as that contract was in writing,
it was equally clear that the true construction and
effect of such contract was for the Court and not for the jury,
presenting a question of law and not of fact, and, therefore,
it is difficult to discover any issue of fact to be left to the
jury. If the Circuit Judge was right in holding that the
contract created no trust relation between the parties, that
was an end of the case, and hence appellant's first point,
"That the Circuit Judge erred in not allowing the jury to
pass upon the questions of fact involved in the causes," can-
not be sustained.

The appellant's second point, as stated in the argument,
is, "That the title, the right of property, in the fund never
passed out of the executrix of Leaphart, and that, conse-
quently, she has a right to recover it wherever found."
That proposition is based upon the assumption that a trust
relation existed between the parties, and hence the inquiry
first arising is, whether by the terms of the contract any
such relation was created. Looking either to the terms of
the circular inviting deposits or to the terms of the
certificate given to the plaintiff when she actually
deposited her money, it is quite certain that not a
word will be found indicating an intention that any trust
relation between the depositor and depositee should be cre-
ated. On the contrary, those terms necessarily imply that
the money deposited should at once become the money of
the depositee, to be used as its own for the purpose of
making profit therefrom. How else can the provision that
the amount deposited should bear interest at a specified rate
of interest be accounted for? Surely it cannot be supposed,

for a moment, that any person, corporation or association. would receive money on deposit, giving an obligation to repay the same, with interest, with an understanding that the money deposited was to remain the property of the depositor, subject to his control. Such a view would be absolutely destructive of the very end and object of such a transaction. On the contrary, the true view is, that so soon as the money is deposited, it becomes the property of the depositee, to be used by him as his own for the purpose of making profit therefrom, out of which he expects to pay the stipulated interest, and leave a profit to himself. Such a transaction is, in legal contemplation, practically a loan by the depositor of the amount deposited, to be repaid at a stipulated time, with a stipulated rate of interest, and the real relation between the depositor and the depositee is the ordinary relation of debtor and creditor. The certificate of deposit, which constitutes the basis of plaintiff's claim, has none of the elements of a receipt, but is more like an ordinary promissory note. *Bickley* v. *Bank*, 39 S. C., at page 291; *Miller* v. *Austen*, 13 How. (U. S.), 218. As is said by Mr. Justice Davis, in delivering the opinion of the Court, in *Bank* v. *Millard*, 10 Wall., at page 155: "It is no longer an open question in this Court, since the decision in the cases of *The Marine Bank* v. *The Fulton Bank* (2 Wall., 252), and of *Thompson* v. *Riggs* (5 Wall., 663), that the relation of banker and customer, in their pecuniary dealings, is that of debtor and creditor. It is an important part of the business of banking to receive deposits, but when they are received, unless there are stipulations to the contrary, they belong to the bank, become a part of its general funds, and can be loaned by it as other moneys. The banker is accountable for the deposits which he receives as a debtor, and he agrees to discharge these debts by honoring the checks which the depositors shall, from time to time, draw on him. The contract between the parties is purely a legal one, and has nothing of the nature of a trust in it. This subject was fully discussed by Lords Cottenham, Brougham,

Lyndhurst, and Campbell, in the House of Lords in the case of *Foley* v. *Hill* (2 Cl. & Fin., 28), and they all concurred in the opinion that the relation between a banker and customer who pays money into the bank, or to whose credit money is placed there, is the ordinary relation of debtor and creditor, and does not partake of a fiduciary character, and the great weight of American authority is to the same effect." If it should be said, as has been urged in the argument of a similar case at the present term, that this is a rule peculiar to deposits with a banker or banking institution, and does not apply to deposits with other persons, the answer would be, that the rule does not grow out of the *name* by which the depositee may be designated, but out of the nature of the transaction. The reason of the rule applies just as well to the deposit of money with a third person, by whatever name he may be called, to be used by such person in making profit thereon, with an obligation to repay the amount deposited, with interest thereon—*not* to return the specific money deposited. The law respects *things*, not *names* merely. Even a bank may receive what is called a special deposit—for example, a sealed bag of coin, or a sealed package of bank bills—where the obligation is to return the identical thing deposited, *without interest*, in which case the bank would have no authority to use the deposit. But that would be a transaction of a wholly different nature from that of an ordinary deposit of money to be used in making profit thereon, with an obligation—*not* to return the specific money deposited, but to repay *the amount* thereof, with interest, when called for by the terms of the contract of deposit. In the one case—special deposit—usually made for safe keeping merely, the relation created would be that of bailor and bailee; but in the other— ordinary deposit—the relation would be simply that of debtor and creditor. It may be, also, that, by *special stipulations*, these relations might be altered or modified.

In this case, however, it is quite clear that there are no such stipulations in the contract of deposit between the

plaintiff and C. J. Iredell, manager, for that contract is in writing and contains nothing whatever indicating an intention to take this transaction out of the class of ordinary deposits. On the contrary, by the express terms of the circular, just such deposits as are ordinarily made in a bank were invited, upon terms plainly showing that the money deposited was to be used for the purpose of making profit thereon, and utterly negativing the idea of any trust; and the certificate of deposit, delivered to and accepted by the plaintiff, plainly shows that such was the nature of the contract between the parties. But again, when this money was deposited in the defendant bank to the credit of C. J. Iredell, manager, it at once became subject to his checks as such; and if C. J. Iredell, manager, had drawn a check on the defendant bank for the whole or any part of the amount so deposited, the defendant bank could not refuse to honor such check; and if it did, would have been liable to the holder of such check, even though it may have known that the money so deposited by C. J. Iredell, manager, had been originally obtained from the plaintiff; for when she deposited the money with C. J. Iredell, manager, it at once became his money, and when he, in turn, deposited the same in the defendant bank, it at once became liable to the payment of any check drawn thereon by C. J. Iredell, manager, until the fund was exhausted; and if defendant bank had refused to pay such check, it would have been liable to an action by the holder of such check for the amount thereof. *Forgarties & Stillman* v. *State Bank*, 12 Rich., 518, recognized and followed in *Simmons* v. *Bank*, 41 S. C., 188.

Holding, then, that there was no trust relation between the plaintiff and C. J. Iredell, manager, of course, the questions, whether there was any breach of trust and whether the defendant bank had notice thereof, cannot arise, and need not, therefore, be considered.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.