## McGAHAN & CO. v. LOCKETT, VAUGHN & CO.

NOTES AND BILLS—DRAFTS—CHECKS.—A party having funds in hands of another subject to his order, cannot countermand the payment of drafts drawn by him on the funds so held, in absence of fraud, want of value, or similar grounds.

Before BUCHANAN, J., Charleston, April, 1898. Reversed.

Action by McGahan & Co. *v.* Lockett, Vaughan & Co., J. O. Griffin and others.

From order overruling demurrer to answer, plaintiffs and defendants, except Griffin, appeal.

*Messrs, Smythe, Lee & Frost,* for appellants, cite: 12 Rich., 518; 41 S. C., 177; 43 S. C., 242; Rich. Ch. Cases, 315; 4 Bro. Ch. 66.

*Messrs Bates & Simms,* contra: *Text book citations on main question. There is no waiver of homestead:* Rev. Stat., 2130.

March 11, 1899. The opinion of the Court was delivered by

MR. JUSTICE POPE. There is a single question presented by this appeal—was the Circuit Judge in error in overruling the demurrer of defendants to the answer of their codefendnat, J. O. Griffin, because it failed to state facts sufficient to constitute a defense? To apprehend the contention a brief recital of the facts set up in the pleadings will be necessary. The complaint sets forth, substantially, that one J. O. Griffin had a policy for $2,400 on his stock of goods at Ulmer, S. C., which were destroyed by fire, and being indebted to the firm of T. R. McGahan & Co. for $724.77, he assigned such policy to said firm, upon the trust that the proceeds of said policy should be applied, first, to the payment of said sum of $724.77, and the balance thereof should be held by said

McGahan & Co., subject to the order of said Griffin.   That there remained in the hands of McGahan & Co. of said proceeds, after the payment of their debt, the sum of $1,475.33. That the said J. O. Griffin drew orders in writing on said McGahan & Co., to be paid out of said proceeds of the insurance policy when collected, in favor of Lockett, Vaughan & Co., A. Ehrlich & Bro., M. Drake & Son, Edmund T. Brown Company, Brown-Evans Company, F. W. Wagener & Co., Drake-Inness-Green Shoe Company, and Marshall, Wescoat & Co.   That these orders were each presented to McGahan & Co., but were not accepted by them in writing. That subsequent to making the aforesaid drafts or orders, and before McGahan & Co. had collected the proceeds of the fire insurance policy, the said J. O. Griffin countermanded the payment of said drafts, and notified McGahan & Co. not to pay the same.   That the parties who held the aforesaid drafts drawn by J. O. Griffin on McGahan & Co., began action against said McGahan & Co. to collect their respective drafts drawn by J. O. Griffin.   That McGahan & Co., as plaintiffs, now bring this action against said J. O. Griffin and all of the holders of drafts drawn by J. O. Griffin upon said McGahan & Co., as defendant, to restrain their action against said McGahan & Co., and that the defendants be required to interplead together concerning their respective claims to said $1,475.23, and that some party be appointed to hold said fund pending such litigation.   The answers of all the defendants, except Griffin, set up their claims as *bona fide* holders for value of their respective drafts.   The defendant, J. O. Griffin, answered as follows: "First, that he admits the allegations set forth and contained in the complaint, but alleges that he is entitled to the said sum of $1,475.23, and that the plaintiff should have paid the same over to him when the same was demanded—the said orders or drafts having never been accepted, and having been countermanded before the said fund came into the hands of the plaintiffs" (McGahan & Co.)   The following is a copy of the draft drawn by J. O. Griffin upon McGahan & Co. in favor of Lockett,

Vaughan & Co.   (The other drafts are similar in form:) "$109.34.   Ulmer, S. C., January 23, 1897.   Messrs. T. R. McGahan & Co., Charleston, S. C.   Please pay to Messrs. Lockett, Vaughan & Co., of Winston, N. C., $109.34, out of my insurance policy that is assigned to you. ' J. O. Griffin." Judge Buchanan, who heard the demurrer on the 28th April, 1898, passed a short order, dismissing and overruling the demurrer without assigning any reasons therefor.   No other questions are involved in this appeal except the appeal from said order overruling the demurrer.

The following are the grounds of appeal: "1.  Because it is respectfully submitted that his Honor erred in not holding that the drafts referred to in the pleadings were valid assignments of the fund in question, and could not have been recalled or countermanded by the defendant, J. O. Griffin, without good cause; which cause should have been alleged in the answer, so as to be duly proved in the case.   2.  Because his Honor erred in not sustaining the demurrer to the answer of J. O. Griffin, in that such answer failed to show any right in said Griffin to countermand or recall the said drafts."

We think the grounds of appeal are well taken.   The principles set forth in the cases of *Fogarties & Stillman* v. *State Bank,* 12 Rich., 518; *Simmons &c. Co.* v. *Bank of Greenwood,* 41 S. C., 177; *Knobeloch* v. *Bank,* 43 S. C., 242, are practically decisive of this question.   When the respondent, J. O. Griffin, placed in the hands of McGahan & Co. this sum of $1,475.23, to be paid out by them on his order, and he gave drafts to his codefendants upon said McGahan & Co. to be paid out of this fund of $1,475.23, which was the proceeds in their hands of his insurance policy, it was beyond his power, except for fraud, or want of value, or similar grounds, to prevent the holders for value of his drafts recovering the same from McGahan & Co.   It was just the same as if J. O. Griffin had deposited to his own credit the sum of $1,475.23 in some bank, and had given his codefendants checks upon said bank.   As was said by Mr. Justice John-

son, in the case of *Fogarties & Stillman* v. *Bank, supra:* "This case, *Weston* v. *Barker,* 12 John R., 276, stands upon a principle that, when fully understood and appreciated, is sufficient for the case before us; and it is this, that when one, in consideration of money to come into his hands, promises to disburse that money as he shall be ordered by him from whom he receives it, he thereby creates a contract negotiable in its very nature, which puts him in privity with whomsoever in the world he may be ordered to make payment to, so that the promise is, according to the law merchant, made to that person, and he is bound by his promise to pay him." The quotation from the opinion in the case of *Weston* v. *Barker, supra,* as found on page 529 of *Fogarties & Stillman* v. *Bank, supra,* is squarely to the same effect. The answer demurred to, because the facts alleged therein are not sufficient to constitute a defense, sets up no reason why J. O. Griffin denied any legal effect to the drafts drawn by him in favor of his codefendants on McGahan & Co., to be paid out of the fund realized from his insurance policy, which he had assigned to said McGahan & Co., except that such drafts had not been accepted in writing by said McGahan & Co. before he notified them not to pay. The drawer in his answer does not deny he drew the drafts for value, but simply because he has changed his mind, the fund must not be paid to the holders of his drafts. The moment the holders of these drafts notified McGahan & Co. of their drafts, it was in law an appropriation by J. O. Griffin of so much of the money of his in the hands, or to come into the hands, of T. R. McGahan & Co. as would be necessary to pay such drafts. The Circuit Judge was in error.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the action be remanded to the Circuit Court, with directions to sustain said demurrer to the answer of J. O. Griffin.