LOAN & SAVINGS BANK v. FARMERS & MERCHANTS BANK.

BANKS.—A CHECK on a bank operates as an assignment *pro tanto* of the drawer's deposit account, and the bank cannot refuse payment of a check in hands of *bona fide* indorsee and holder because the drawer has notified bank that the check was obtained by fraud, and there was a failure of consideration. Bank has no right to deposit money in Court and demand that drawer be made party defendant and required to litigate with holder the *bona fides* of the check. The remedy of drawer is to take action to prevent payment of check, and bank should be allowed reasonable time after notice to await action of drawer and to decide if it would risk suit by holder or drawer.

Before WATTS, J., Greenwood. Affirmed.

Action by Loan and Savings Bank against Farmers and Merchants Bank. From judgment for plaintiff, defendant appeals.

*Messrs. Sheppards, Grier & Park,* for appellant.

*Messrs. Witherspoon & Spencers,* contra.

April 17, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff in its action in the Court of Common Pleas of Greenwood sought to recover of the defendant bank the sum of $84.45, with interest from the 30th of December, 1903, and also the sum of $25, the expense of the action. By the agreement of the parties the case was heard before Judge Watts, who rendered his judg-

ment on April 7th, 1905, for the sum of $84.45, with interest thereon from the 30th December, 1903, and the cost of this action.

In order to understand these issues, we will reproduce the complaint, the affidavit submitted by the defendant bank, the notice of the defendant bank and the order of Judge Watts and the defendant's grounds of appeal therefrom.

### COMPLAINT.

"The plaintiff above named, complaining of the defendant herein, shows to this Court:

"I. That at the times hereinafter named the plaintiff was, and still is, a banking corporation, duly organized under the laws of said State to do, and actually doing business as such, at Yorkville, in the county of York, and State aforesaid.

"II. That at the said times the defendant was, and it still is, a banking corporation, duly organized under the laws of said State to do, and actually doing business as such, at Greenwood, in the county and State first above named, the residence of defendant.

"III. That on the 12th day of December, 1903, one Y. B. Trammell, a depositor of defendant, for value received, duly issued and delivered to one W. G. Stephenson said depositor's check in writing, drawn by the said Y. B. Trammell on the defendant, and made payable to the order of the said W. G. Stephenson, in the sum of $84.45 ; the said check being in form as follows :

"  'Greenwood, S. C., Dec. 12, 1903.    No. ——.

The Farmers and Merchants Bank, pay to the order of W. G. Stephenson ($84.45) eighty-four and forty-five cents.
                                Y. B. Trammell.'

"IV. That thereupon the said W. G. Stephenson, for value received, indorsed, transferred and delivered the said check to one R. T. Stephenson, secretary and treasurer, who in turn thereupon, and for full value received of the plaintiff,

indorsed, transferred and delivered the said check to plaintiff, who accordingly became, and it still continues to be, the *bona fide* owner and holder thereof, and of the said Y. B. Trammell's deposit in said bank to the extent of $84.45. That thereafter between the date of said check and the 30th day of December, 1903, the plaintiff duly presented the check to the defendant, and demanded payment thereof, and of the sum of $84.45, but the defendant refused payment, the said refusal being coupled with only one reason assigned, and with an admission made, as defendant's memorandum indorsed on the said check shows, to wit: 'Funds on hand to meet check, but party drawing check had ordered same held up;' and in this connection plaintiff charges the truth of said admission, the insufficiency of the reason assigned, and that there was and is no sufficient reason for said refusal; and accordingly plaintiff has been forced to bring this action for the defendant's said refusal, plaintiff was and is damaged by the defendant in the sum of $84.45, with interest thereon from the 30th day of December, 1903, and also the sum of $25, the expenses of this action.

"Wherefore, plaintiff prays judgment against the defendant for said sums and interest, and for the costs of this action."

THE AFFIDAVIT AND THE NOTICE.

"Personally comes before me R. M. Hays, who, on oath, says: That the Farmers and Merchants Bank, the defendant in the above stated matter, is a banking corporation with its place of business at Greenwood, and that this deponent is its president and an officer thereof and authorized to make this affidavit; that an action is pending in the Court of Common Pleas for Greenwood County against the said the Farmers and Merchants Bank, wherein Loan and Savings Bank is the plaintiff, in which said action a judgment is demanded against the said the Farmers and Merchants Bank, the defendant herein, the cause of action being that heretofore on December 12th, 1903, one Y. B. Trammell,

who was a depositor in the defendant bank, issued a certain
check to one Stevenson, payable to his order, who there-
after, it is alleged in the complaint, indorsed and transferred
it to one R. T. Stevenson, who in turn, it is alleged, indorsed
and transferred it to Loan and Savings Bank, who claims
to be the owner thereof for value; that the said check was
dated December 12th, 1903, and it was in the sum of
$84.45; that at the time of the making of the said check
the said Y. B. Trammell had sufficient funds on deposit to
meet the same; that before the check was presented for pay-
ment at defendant bank the said Y. B. Trammell notified the
defendant in writing that it must not pay the same when
presented; that upon the presentation of the said check,
after the notice received from the said Y. B. Trammell to
refuse to pay the check, defendant accordingly refused pay-
ment of the same, but indorsed thereon the statement that
the depositor had sufficient funds on hand to meet the check
but had ordered payment held up. These facts are set out
in the complaint as going to make up the cause of action
against this defendant. Deponent further says that at the
time the said Trammell gave notice to the bank to refuse
payment of the check, he stated that there was an entire
failure of consideration for the said check and that the pro-
curement of the same by the payee amounted to a fraud on
his rights. Deponent further says that it still has on hand
funds with which to meet the payment of the check; that
the said Y. B. Trammell claims to be entitled to the said
funds and demands of the defendant bank that it pay the
same to him, which defendant has also refused to do; that
the said Y. B. Trammell is not a party to the action above
stated against the defendant and without collusion makes
against the defendant a demand for the same debt, to wit:
the amount of the check by him drawn—$84.45; that de-
ponent is advised and upon such advice says: that the said
Y. B. Trammell should be substituted as a party defendant
to the said action and defendant be discharged from liability
to either party on its depositing in the Court the amount

of the debt; that this deponent is simply a stakeholder, and the parties at interest should be required to litigate this matter among themselves.

"You will please take notice, that the defendant herein will apply to the Court of Common Pleas for Greenwood County on the first day of the next regular term thereof, in open Court, at 10 o'clock A. M., or as soon thereafter as counsel can be heard, for an order to substitute, in the above entitled action, Y. B. Trammell as defendant, and to discharge the defendant herein from further liability to either party on depositing in the Court the amount of check in question, to wit: $84.45, or as the Court in its discretion directs."

Judge Watts, after stating the facts set out in the complaint and affidavit, in his decree says:

"It was agreed by the attorneys for the plaintiff and defendant that in the event I should refuse this motion, that I should dispose of the whole matter without a jury.

"After consideration I have reached the conclusion that the motion should be refused for the reason that in my opinion whenever a party gives a check he is powerless to stop the payment of the same and the bank has nothing to do but pay the check on its being presented if it has in hands sufficient funds to meet the payment. I hold that to the extent of the amount of the check it is an appropriation of so much of the funds as the drawer of the check has on deposit and it makes no difference whether the check is in the hands of the original holder or of a third party, the plain duty of the bank on its being presented, is to pay the same and this without regard to any statement or notice which may be filed with it by the drawer of the check and holding this view I refuse this motion of the interpleader.

"Under the agreement of the parties the only other question to be disposed of is the amount of the judgment to which plaintiff is entitled. I do not think in this action plaintiff is entitled to anything by way of damages, his relief being limited to the amount of the check and interest thereon

at the rate of seven per cent. per annum from the date it was presented for payment and payment refused.

"It is, therefore, ordered:

"1st. That the motion to require the defendant Trammell to be substituted as a party defendant for the reason hereinbefore stated, be and the same hereby is refused. 2d. That the plaintiff have judgment against the defendant for the sum of eighty-four dollars and forty-five cents with interest thereon from the 30th day of December, 1903, and the costs of this action."

EXCEPTIONS OF DEFENDANT.

"1st. It was error in his Honor to overrule the defendant's motion herein to substitute the said Y. B. Trammell as the defendant, because: (a) The affidavit of the defendant showed that before the check was presented for payment the bank was notified by the said Trammell, who drew the check, that it must not pay the same when presented, stating that there was an entire failure of consideration for the said check and that its procurement amounted to a fraud on his rights, the error being that a bank cannot make payment of a check when notified by the drawer that it is procured by fraud, or that there is a failure of consideration, if it receives notice of such before presentation or before actual payment, and his Honor should have so held and required the parties hereto to litigate the matter between themselves.

"(b) The affidavit showed that the said Trammell is not a party to the action and without collusion makes against the defendant a demand for the same debt, and further that the bank had the funds in hand and was ready to deposit the same in Court; that it was simply a stake-holder; and his Honor should, therefore, have substituted the said Trammell as a party defendant and relieved this defendant from further liability on its paying over the fund as required by the order of Court.

"2d. It was error in his Honor to hold that it was the plain duty of the bank to pay the check on its being presented

and that without regard to any notice which might have been filed with it by the drawer of the check, the error being:

"(a) If a check is procured by fraud or if there is a failure of consideration and the bank received notice before presentation of the check or before making payment and it is required by the drawer on this account to refuse payment, if thereafter it makes payment it does so at its peril and would be required in law to respond to the drawer of the check for the amount thereof, and his Honor should have so held and granted the motion of interpleader.

"(b) It is the duty of a bank upon being notified by the drawer of a check that same has been procured by fraud or that there is a failure of consideration, to refuse its payment when required so to do on this account by the drawer, and his Honor should have so held and granted the motion of the interpleader.

"3d. It was error in his Honor to hold that where a party gives a check he is powerless to stop its payment, it being submitted that payment can be stopped for fraud or failure of consideration and that in such a case the bank is merely a stakeholder and the parties should be required to interplead."

We will now examine the case.

This appeal does not present any question whatever about the right of the holder of the check to maintain suit on it against the bank. The cases of *Simmons* v. *Bank,* 41 S. C., 177, 19 S. E., 502, and *Fogarties & Stillman* v. *Bank,* 12 Rich., 518, are conclusive of that question. The defendant bank presents its question in this shape: "Where a bank receives notice by the drawer of a check against funds on deposit in said bank sufficient to cover the check, on presentation must it refuse payment for the reason that there is a failure of consideration or that the same was procured by fraud, must it disregard the notice and pay the check?" Or as the appellant puts it this question is answered by asking another: "Has the drawer of a check the right to hold up its payment if as a matter of fact it has been procured by

fraud, or if as a matter of fact there has been a failure of consideration?"

We do not know that questions like those propounded by the appellant can be viewed in any other light than as a matter of alarm by all commercial interests. The office of a check by a drawer upon funds on deposit in a bank is well understood in all commercial circles.

Checks on banks are made to take the place of the actual cash although the check itself is the means of obtaining money of the drawer from the bank for the holder of the check. As is well said in 2d Daniel on Negotiable Instruments, sec. 1982: "A check like any other instrument must be issued before it is binding; and it is considered as issued as soon as it is in the hands of any person who can demand its payment." There is no contest here as to the fact that the check in question was issued to the assignor of the plaintiff bank before any notice to the defendant bank not to pay was given. If we were required to say, therefore, who was the innocent party here we would unhesitatingly say that it was the plaintiff bank. It received this check for full value without any notice of any supposed vice therein.

We have no instance so far as we can recall the history of checks in the Courts of this State of any such question as is now presented. The nearest we can come to such question is the instance presented in the case of *McGahan v. Lockett,* 54 S. C., 366, 32 S. E., 429, and that was not a case where a bank was concerned, but it seems that one Griffin was indebted to McGahan, Lockett and others when he assigned to said McGahan an insurance policy for $2,400 upon property destroyed by fire, with directions in said assignment to first pay from the proceeds thereof when collected the sum of $724.77 to the said McGahan, and thereafter to the eight parties named in that case, to each of whom the said Griffin gave an assignment in writing of his said sum of money and directed McGahan to pay the same. McGahan never accepted these assignments, but before the proceeds of the said policy were collected by McGahan, the

said Griffin sought to prevent the said McGahan from making the payment to the said eight holders. With all the parties before the Court, brought there by the complaint of McGahan, this Court held: "That it was beyond Griffin's power, except for fraud or want of value or similar grounds, to prevent the holders for value of his drafts recovering the same from McGahan." This Court in reasoning suggested that the effect would have been the same if Griffin had deposited to his own credit the sum of $1,475.73 in some bank and had given his co-defendants checks upon said bank.

As was said by Mr. Justice Johnstone, in the case of *Fogarties & Stillman* v. *Bank, supra:* "This case (*Weston* v. *Barker,* 12 John R., 276,) stands upon a principle that when fully understood and appreciated, is sufficient for the case before us, and it is this, that when one in consideration of money to come into his hands promises to disburse that money as he shall be ordered by him from whom he receives it, he thereby creates a contract, negotiable in its nature, which puts him in privity with whomsoever in the world he may be ordered to make payment to, so that the promise is, according to the law merchant, made to that person, and he is bound by his promise to pay him."

The Court gave judgment that the money should be paid to said eight defendants. It will be observed that there was no fraud or failure of consideration alleged in this case just cited, and, therefore, it is not direct authority for the proposition of the appellant and yet it is not without force.

We do not see why the plaintiff in the case at bar should be forced to bring this action. There is no good reason advanced herein why the plaintiff in order to collect its check, which check the defendant admits he has the money of the drawer to pay, should be required to bring this suit. It is true the defendant bank made itself liable to pay this check as was held by the Circuit Judge.

If the contention of the defendant bank should be supported to the end that the drawer, Trammell, should be required to interplead it must be upon terms such as these:

There must be no delay, no waiting for a year nor for a few months but the action must be speedy.   Only time sufficient to prepare and serve the pleadings setting forth the grounds for action.   A good and sufficient bond must be extended so that the interests of the persons affected shall be brought speedily before the Court.   And this must be a condition precedent.   Pleadings and not affidavits must be submitted. The Circuit Judge refused to allow the interpleader sought here.   This could only be done in cases when the *original payer* of the check still holds the same, when the question was presented.

In the case at bar, the action of the Circuit Judge will be sustained, but this is without prejudice to the defendant bank in holding the drawer of this check responsible for this delay as far as this Court can do so in the absence of such drawer as a party to the suit.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *concurs in the result.*

MR. JUSTICE JONES.   *I concur* in affirming the judgment of the Circuit Court.

Whatever may be the rule in other jurisdictions, it is settled in this State that a check on a bank operates as an assignment *pro tanto* of the drawer's deposit account or fund in bank, and that there is privity between the bank having the necessary fund on hand and the check-holder, certainly upon presentation of the check for payment, so as to give the holder a right of action against the bank wrongfully refusing payment.   *Fogarties & Stillman* v. *Bank,* 12 Rich., 518; *Simmons* v. *Bank,* 41 S. C., 177, 19 S. E., 502; *Leaphart* v. *Bank,* 45 S. C., 569, 23 S. E., 939.   Under this view it is not essential that the drawee bank shall accept or assent to the check in order to fix upon it liability to pay the check-holder.   The bank's liability is fixed by its contract with the

depositor, the due presentation of the check, and the possession of sufficient funds of the depositor to pay.

It must follow that the drawer of a check cannot countermand its payment if the check has passed into the hands of a *bona fide* holder. Such is the ruling in Illinois and doubtless in other States which hold the doctrine established in this State that a check is an assignment *pro tanto* of the depositor's account. *Union Nat. Bank* v. *Oceana County*, 80 Ill., 212, 22 Am. Rep., 185; *National Bank* v. *Indiana Bank*, 114 Ill., 483, 2 N. E. Rep., 405; *Gage Hotel Co*. v. *Union National Bank*, 171 Ill., 531, 63 Am. St. Rep., 270, and note in 30 L. R. A., 846. Such being the liability of the bank to a *bona fide* holder presenting the check for payment, it is not all incumbent on the bank to refuse payment, to suffer suit and seek to have the drawer made a party merely because the drawer has given notice of countermand, but on the contrary it is the duty of the drawer, contesting the payment of the check, not only to give notice to the bank but to take timely proceedings in Court, by injunction or otherwise, to arrest payment of the check. To this end it would doubtless be fair to allow the drawee bank a reasonable time after such notice to await the prompt action in Court of the drawer before being compelled to decide whether it wll risk a suit by the holder for refusing to pay, or a suit by the depositor for paying after notice. The check in question was dated December 12, 1903, was presented to defendant bank for payment between that date and December 30, 1903, and suit thereon was brought February 9, 1905, a long indulgence by plaintiff, but the drawer in all that time took no proper steps to arrest payment of the check. The correct attitude of the drawee bank is to stand indifferent between the parties, except to perform its obligation to pay checks of depositors in *bona fide* hands when in funds. The bank cannot occupy the position of a mere stakeholder because of the said privity of contract between it and the holder of the presented check. If the bank chooses to stand by and suffer suit at the hands of a check holder it cannot shift the

contest onto the shoulders of the drawer (who may not be able to respond in damages and costs) by a deposit of the money in Court with the request to have the drawer interplead as a substitute, but must stand or fall by whatever defense it may have to plaintiff's cause of action. Ordinary prudence would suggest that the drawee bank either pay the check, or, if it chooses to risk refusal to pay, require of the drawer indemnity against loss in the event of a suit by the holder.

All that is now claimed in behalf of the defendant bank is that the drawer should be substituted to defend the action inasmuch as the drawer, before the check was presented, gave the defendant notice to refuse payment of the check on the ground that there was an entire failure of consideration and that the procurement of the same by the payee amounted to a fraud on the drawer's rights. The payee was W. G. Stephenson, who indorsed to R. T. Stephenson, secretary and treasurer, who in turn for value indorsed to plaintiff. The complaint alleges that plaintiff is a *bona fide* indorsee and owner of the check and there is no suggestion to the contrary by any one. The defendant is defenseless and the Circuit Court could not have done otherwise than to render judgment for plaintiff.

MR. JUSTICE WOODS *concurs in this opinion.*