8957

SPEAR, RECEIVER, ETC., v. BOARD OF PUBLIC WORKS, ETC.

(82 S. E. 1010.)

MUNICIPAL CORPORATIONS.   CONTRACTS FOR PUBLIC IMPROVEMENTS.   CONDITIONAL ACCEPTANCE OF ORDER FOR PAYMENT OF MONEY.

1. Where a contractor, engaged by a city to construct a pumping station, under a contract that if defective material was put into the plant it might be remedied at his expense, and that the contractor should save the city harmless from all claims of materialmen, agreed with the city to permit it to hold back one-third of the contract price until the work was accepted, a subsequent assignee of any funds coming to the contractor cannot, though the assignment was accepted by the municipality, recover against the municipality, where it paid the claims of prior assignees, and the fund remaining at the completion of the work was insufficient to discharge the full amount of the order

2. A public contractor drew an order upon the municipality, directing it to pay certain sums to a materialman.   The municipality accepted the order, the acceptance expressly declaring that the amount would be paid if so much should remain coming to the contractor at the completion of the work, and if not, then whatever amount should remain.   Held, that the materialman was bound by the qualification in the acceptance, and could recover only the amount remaining in the hands of the municipality at the end of the work.

3. Upon appeal from a judgment for a municipality and against a materialman, who claimed the municipality was liable upon' an assignment given him by a public contractor, the right of the materialman to appliances rejected under the contract, in which the municipality claimed no title, and which had been attached by other creditors of the contractor, cannot be determined.

4. Discarded material belonging to a contractor left on the premises, not in the hands of the board, is not applicable by the board to payment of orders given on funds in their hands due the contractor.

Before SEASE, J., July, 1912, Gaffney.    Affirmed.

Action by G. W. Spear, as receiver of Greer Filter Manufacturing Company, against Board of Public Works of Gaffney, S. C., and J. H. Lipscomb, D. H. Clary and T. W. Little, constituting the Board of Public Works of Gaffney, S. C., and Wilkins-Watson Hardware Company.    From a judgment in its favor for $1,926.94, the Wilkins-Watson Hardware Company appeals.    The facts are stated in the opinion.    The order and acceptance were as follows:

"State of South Carolina, County of Cherokee.
To the Board of Public Works, Gaffney, S. C.

Gentlemen: You will please pay to Wilkins-Watson Hardware Company the sum of two thousand eight hundred and eighty-three and 43-100 ($2,883.43) dollars, and charge the same to the account of Greer Filter Manufacturing Company, withholding the said amount from the sum which you now have on hand, belong to, or coming to, Greer Filter Mfg. Company, and this shall be a full warrant and receipt to your board for the same.

GREER FILTER MFG. COMPANY,
J. B. GREER, President.

Gaffney, S. C., March 11, 1911."

"We acknowledge receipt of the above order, and agree, that when the filtering plant, contracted by the Greer Filter Manufacturing Company, is completed and accepted (and subject to any payment or payments, for which the Board of Public Works may be liable, by reason of the attachment, in

10—99

the case of Massachusetts Bonding and Insurance Company against James Boyd Greer and Greer Filter Manufacturing Company), to pay to the Wilkins-Watson Hardware Company, from the balance due the Greer Filter Manufacturing Company, the sum of twenty eight hundred eighty-three and 43-100 ($2,883.43) dollars, if so much shall remain in our hands, as coming to the Greer Filter Manufacturing Company. And, if there be not so much as the above amount, then whatsoever amount that may be remaining in our hands as due the Greer Filter Manufacturing Company, as above stated.

J. N. LIPSCOMB,<br>B. G. CLARY,

Board of Public Works for the Town of Gaffney."

*Messrs. Haynsworth & Haynsworth,* for appellant, submit: *As to effect of order as assignment:* 21 Wall. 447; 74 S. C. 210; 54 S. C. 364; 145 Fed. 966; 180 Fed. 235.

*Messrs. Butler & Hall* submit: *The acceptance was conditional:* 7 Cyc. 776; 37 S. C. 239; 3 Cush. Mass. 376; 30 Am. Dec. 741; 132 Mass. 340. *Distinguishes:* 21 Wall. 447; 74 S. C. 210; 54 S. C. 364; 145 Fed. 966; 180 Fed. 235; 5 U. S. L. Ed. 87; Ann. Cases, 1912a, 673; 6 Cyc. 81 (note 12).

September 29, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The Board of Public Works of the city of Gaffney was authorized by law to construct a pumping station and filter, to supply that city with pure water. The contract therefor was let to the Greer Filter Manufacturing Co., for some $30,000.00.

At the wind up, the board has now in hand $1,926.94.

That sum was ordered by the Circuit Court to be paid to the Wilkins-Watson Hardware Co.; and to that there is no

objection by anybody. But that company demands about $1,000.00 more, that is to say, all told, $2,883.43.

The Wilkins Company supplied the Greer Filter Co. with goods of that value towards the undertaking. The obligation of the Board of Public Works to pay anything to the Wilkins Company arises solely out of an order by the Greer Filter Company on the board for the Wilkins Company, dated 11th March, 1911; and an acceptance thereof by the board.

These two writings will be set out in the report of the case.

As much as $1,000.00 (and more, too) was paid out on the undertaking by the board after 11th March, 1911. The contention of the Wilkins Company is, that such payments were unlawful as to it, and the board must now pay it not only $1,926.94, on hand, but the full amount of $2,883.43 confessedly due to it.

The Circuit Court held to the contrary, and that is the primary issue made here.

There is one other issue to be hereinafter considered, arising out of the Wilkins Company's alleged right in certain motors and pumps, first put into the plant by the Greer Company, and then taken out by the board as imperfect, and now discarded on the premises of the plant. But that is a secondary issue.

Reverting now to the primary issue.

By the contract between the city of Gaffney, acting through its board, and the Greer Filter Company, the city was to pay the company some $30,000.00 for the complete job; and the job was set to be finished on January 1st, 1911. The contract also provides, that if defective material was put into the plant by the company, it might be condemned and remedied at the expense of the company; that if the company did not prosecute the work aright, the board might complete it and charge the expense to the company; that the company should save harmless the city and board for all

claims relating to material furnished by outsiders towards the enterprise.

The job was not complete on 1st January, 1911, and not until the summer of 1911.

Before the Wilkins Company got its order, the Filter Company had been sued by four or five creditors; and the money in the board's hands to pay for the completion of the plant had been attached by these creditors.

Under these circumstnaces, the contention is made by the appellants that the Filter Company might assign to its numerous creditors as many blocks of the $30,000.00 as it had creditors; and that the funds so assigned became charged in the board's hands for the payment of these many claims.

The corollary to that contention is, if thirty claims of $1,200.00 each should be so assigned on the same day, then the board should be bound to prorate the $30,000.00, the price of the work, between these $36,000.00 of creditors; and that though the plant was not nearly completed.

The bare statement of the contention discredits it.

It is true, in reason and on authority, that if A has in his hands $100.00 belonging to X, then X is free to assign $50.00 of that sum to one person and $50.00 to another person; and, therefore, A must pay the amounts so assigned to one person and the other person. That is true, because there is no ground upon which to gainsay it; and it is true for that reason only. The contention of the appellant, that a like principle governs this case, is not true; and that because such a contention is unreasonable, and therefore unsupported by authority. In the supposed case, if X had a contract with A to build A a house for $100.00, to be paid only when the house was completed according to contract, then X might not assign away to third person the $100.00 to be due him by A, until his contract with A had been performed. The principle is, that X and a third person cannot

vitiate a contract made betwixt X and A.    Such is the case at bar.

On the 18th January, 1911, the board and the Filter Company made a contract, whereby the Filter Company agreed: "To allow and permit, and does hereby permit, the said Board of Public Works of Gaffney, S. C., to reserve and hold back from all estimates, either intermediary, or final, the sum of ten thousand and five hundred dollars until the said Board of Public Works are fully satisfied that said work has been properly done and is accepted by said board."

There was, therefore, no "particular fund" in the hands of the board belonging to the Filter Company on 11th March, 1911; a fund might be there at the wind up, but possibly none, or not so much as was due to the Wilkins Company.

The cases from our own reports, cited by appellants, are not relevant to the issues here.    They are *McGahan* v. *Locket,* 54 S. C. 364, 32 S. E. 429, and *Loan & Savings Bank* v. *Farmers & Merchants Bank,* 74 S. C. 210, 54 S. E. 364.    The case cited by appellant from the Supreme Court of the U. S. does not sustain its contention.    It is *Trist* v. *Child,* 21 Wall. 447.

The principles stated in *Green* v. *Duncan,* 37 S. C. 240, 15 S. E. 956, do govern this case.

But the appellants here have not relied, and cannot rely, upon the legal effect of a simple assignment of a fund by the company to them.

They have accepted from the board a paper writing, dated 20th March, 1911, which sets out the *agreement* between the Wilkins Company and the board.

That paper alone fixes the rights of the two parties, the company and the board, because it is their contract. Thereby the parties *"agreed"* (1) that when the plant was completed and accepted (2) the board would pay to the company $2,883.43, (3) if so much should remain in the board's hands coming to the Filter Company, (4) and if

150

there remain not so much as $2,883.43, then whatsoever may remain, to wit, $1,970.69.

There was no absolute agreement of the board to pay $2,883.43 to the company. The fourth clause contemplated that such amount might be reduced. The second clause provided the time for payment, to wit, when the plant should be completed and accepted.

When the agreement was made, in March, 1911, the work was not completed; the agreement by necessary inference so declared, and the testimony so shows. When the agreement was made the board had in hand money more than enough to pay the entire sum due to the Wilkins Company. If the agreement was to pay absolutely, then the fourth clause of it carried no meaning. The agreement is too plain for construction, and under it the company is entitled to receive the amount set out in the Circuit decree, to wit, $1,970.69, and no more, because no more "remains."

The only other issue is the secondary one before referred to.

The appellant's contention thereabout would be surely true if the pumps and motors were the property of the board. They are not. The testimony establishes the fact that the motors and pumps the Filter Company first installed were insufficient; that the board took them out, and put others in at the Filter Company's expense; that these so taken out are yet on or about the board's premises, but the board claims no title in or lien upon them.

Any right the company may establish in or against them, is not traceable through any right of the board in or against them.

The board, therefore, has no interest in any such right of the company.

The testimony shows, that these discarded motors and pumps have been seized by the sheriff to satisfy creditors of the Filter Company other than that Wilkins Company.

The board has no interest in the controversy.

The judgment below is affirmed.